**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

**LAUREN K. MURPHY,**
on behalf of herself and on behalf
of all others similarly situated,

    Plaintiffs,

    v.                              CASE NO.:

**GANDY SNF LLC, and
S MANHATTAN AVE LLC, and
MICHAEL BLEICH, an individual, d/b/a
GANDY CROSSING CARE CENTER,**

    **Defendants.**
_____/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LAUREN K. MURPHY ("Plaintiff"), by and through undersigned counsel, and on behalf of the Putative Class set forth herein, as well as in the public interest, brings the following Class Action as of right against Defendants, GANDY SNF LLC, S MANHATTAN AVE LLC, and MICHAEL BLEICH, an individual, d/b/a GANDY CROSSING CARE CENTER, ("Defendants") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**NATURE OF THE CASE**

1.    Plaintiff brings this action against Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x. The FCRA imposes several important requirements on employers that use a background checks as part of their hiring processes, which are designed to protect consumers like Plaintiff.

2. As part of its hiring processes, Defendants use consumer reports (commonly known as background checks) to make employment decisions.

3. While the use of consumer report information for employment purposes is not per se unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

4. Defendants willfully violated these requirements in multiple ways, thereby systematically violating Plaintiff's rights and the rights of other Putative Class members.

5. For example, Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other Putative Class members for employment purposes, without first making the statutorily-mandated disclosures to them in the format required by the statute. Under this subsection of the FCRA, Defendants are required to disclose to its employees—**in a document that consists solely of the disclosure**—that it may obtain a consumer report on them for employment purposes. This disclosure must be made by employers prior to obtaining copies of employees', or prospective employees', consumers reports. *Id*.

6. Defendants willfully violated this requirement by failing to provide Plaintiff and other Putative Class members with a separate document consisting solely of Defendants' disclosure, stating that Defendants may obtain a consumer report on any person for employment purposes. Defendants also violated this requirement by failing to provide this disclosure to Plaintiff and other Putative Class members *prior* to obtaining a copy of the person's consumer report. (Emphasis added). This practice violates long-standing regulatory guidance from the Federal Trade Commission ("FTC").

7. Further, Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports for Plaintiff and other Putative Class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

8. In response to Defendants' willful violations of the FCRA, Plaintiff asserts two class claims under 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii), on behalf of a "Improper Disclosure and Authorization Class," consisting of all of Defendants' employees and prospective employees in the United States who were the subject of a consumer report that was procured by Defendants within five years of the filing of this complaint through the date of final judgment in this action, and who did not receive a clear, conspicuous, separate form disclosure in writing, and did not authorize the procurement of the report in writing, as required under 15 U.S.C. § 1681b(b)(2)(A).

9. On behalf of and the Putative Class identified herein, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

10. In Counts I and II, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class," consisting of:

> **All consumers in the United States subject of a consumer report obtained by Defendants for employment purposes but to whom Defendants did not provide a lawful disclosure pursuant to 15 U.S.C. § 1681b(b)(2)(A)(i) prior to procuring the report in the two years preceding the filing of this action through the date of final judgment.**

### THE PARTIES

11. Plaintiff is a resident of Tampa, Hillsborough County, Florida and is currently an employee of Defendants and is also a member of the Putative Class defined below.

12. Plaintiff is a "consumer" as defined by the FCRA.

13. Defendant, GANDY SNF LLC, is a Florida Corporation and employed Plaintiff at its facility in Tampa, Hillsborough County, Florida.

14. Defendant, S MANHATTAN AVE LLC, is a Florida Corporation and employed Plaintiff at its facility in Tampa, Hillsborough County, Florida.

15. Based upon information and belief, Defendant, MICHAEL BLEICH, is a resident

of New York and is the Authorized Member of S MANHATTAN AVE LLC, which in turn is the authorized member of GANDY SNF LLC and employed Plaintiff at his facility in Tampa, Hillsborough County, Florida.

16. Upon information and belief, Defendant, MICHAEL BLEICH, is a natural person and a resident of Florida. MICHAEL BLEICH, presently and at all times material to the allegations of this complaint, directly participates in, controls, or possesses the authority to control the acts and practices of GANDY SNF LLC and S MANHATTAN AVE LLC, and possesses actual or constructive knowledge of all material acts and practices complained of herein or exercises reckless indifference to the acts or practices complained of herein.

17. Defendants have operated together in furtherance of a common purpose while engaging in the unfair and deceptive trade practices set forth in this Complaint, and the various Defendants have played various roles to further Defendants' scheme. Upon information and belief, Defendants have conducted the business practices herein through an interrelated network of companies that have common ownership, officers, managers, business functions, business locations, and employees, that commingled funds, and that engaged in a common scheme. Each of the Defendants is jointly and severally liable for the acts and practices alleged herein.

**JURISDICTION AND VENUE**

18. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, for violations of the FCRA.

19. This Court has personal jurisdiction over Defendants under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193.

20. Furthermore, this Court's exercise of personal jurisdiction is constitutionally sound. Through its operations throughout Florida, including in Hillsborough County, Defendants have

established sufficient minimum contacts with the State of Florida. Defendants will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

21. Venue is proper in Hillsborough County, Florida because the majority of the events giving rise to these claims occurred in this judicial circuit. Plaintiff worked for Defendants in Hillsborough County, Florida, and a substantial part of Plaintiff's claims arose in this judicial circuit where Defendants regularly conducts business.

**ALLEGATIONS REGARDING DEFENDANTS' BUSINESS PRACTICES**
*Background Checks*

22. Defendants conduct background checks on the majority of its prospective employees as part of a standard screening process. In addition, Defendants also conduct background checks on its current employees from time to time during the course of their employment.

23. Defendants do not perform these background checks in-house. Rather, Defendants rely on various outside consumer reporting firms to obtain this information and return the corresponding reports to Defendants. These reports are "consumer reports" within the meaning of the FCRA.

*FCRA Violations Relating to Background Check Class*

24. Defendants procured consumer report information on Plaintiff in violation of the FCRA.

25. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a ***clear and conspicuous disclosure*** has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure*** that a

>> consumer report may be obtained for employment purposes; and
>
>> (ii) the consumer has authorized the procurement of the consumer report in writing (which authorization may be made on the document referred to in clause (i)).

15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) (emphasis added).

26. Defendants failed to satisfy these unambiguous disclosure and authorization requirements.

27. Defendants did not provide a clear and conspicuous disclosure before procuring consumer reports. In fact, the purported disclosure was not clear because it contained language that a reasonable person would not understand. The purported disclosure was not conspicuous because it was obfuscated by unnecessary information.

28. Providing notice to consumers is a critical component of the FCRA, as the FCRA also contains several other notice provisions.[1]

29. The purpose of FCRA notice provisions, including § 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report may be prepared. This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness in the use of their personal, private information. Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert their protected rights.

30. Defendants do not have a stand-alone FCRA disclosure or authorization form that clearly and conspicuously states that a consumer report may be procured on prospective or current

---

[1] Such provisions include: 15 U.S.C. § 1681b(b)(3)(A) (pre-adverse action); § 1681b(4)(B)(notice of national security investigation); 15 U.S.C. § 1681c(h) (notification of address discrepancy); § 1681g (full file disclosure to consumers); §1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and conditions of disclosure; and § 1681m(a) (notice of adverse action).

employees for employment purposes. This is commonly referred to as the "stand alone disclosure" requirement. Defendants' purported FCRA disclosure contained extraneous information.

31. Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute and consumers' federally protected rights. *Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-CV-1324-T-30AAS, 2016 WL 6248309, at *2 (M.D. Fla. Oct. 26, 2016) ("[Plaintiff] has statutorily-created rights under the FCRA to receive a clear and conspicuous stand-alone disclosure."); *Fosbrink v. Area Wide Protective, Inc.*, No. 8:17-cv-1154-T-30TBM, 2018 WL 2229130, at *3 (M.D. Fla. May 8, 2018) ("In sum, Plaintiff has established that he was deprived of a statutory right to receive a stand-alone disclosure.")

32. Defendants knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer report information on consumers without complying with the disclosure and authorization requirements of the statute. Defendants' violations were willful because Defendants knew it was required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the putative class members and failed to comply with the disclosure and authorization requirements of the FCRA.

**FACTUAL ALLEGATIONS**

24. On or about March 2020, Plaintiff applied for a position with Defendants in Tampa, Hillsborough County, Florida.

25. After reviewing Plaintiff's qualifications, Defendants offered Plaintiff the position that she had applied for.

26. Defendants told Plaintiff that its offer of employment was contingent on the completion of a background check.

27. On or about March 2020, Defendants procured a consumer report on Plaintiff by

using the services of a third-party vendor.

28. Pursuant to the FCRA, Defendants are required to disclose to its employees—in a document that consists solely of the disclosure—that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report.

29. Defendants' disclosure and authorization form failed to follow the requirements of the FCRA.

30. The document contained a plethora of extraneous information in flagrant disregard of the FCRA's stand-alone disclosure mandate, including, but not limited to the following:

- a broad authorization requiring Plaintiff and the putative class members to forego their legal rights. *Graham v. Pyramid Healthcare Sols., Inc*., No. 8:16-cv-1324-T-30AAS, 2017 U.S. Dist. LEXIS 99726, at *2-3 (M.D. Fla. June 28, 2017)

- An inaccurate statement as to what Plaintiff's rights were should information contained in the consumer report procured on her lead to an adverse employment action;

- An impermissible release of liability for Defendants its representatives, and any other persons, corporations, or organizations in connection to the consumer report Defendants procured on Plaintiff;

31. Plaintiff was confused and distracted by the extraneous material contained in Defendants' disclosure. More specifically, Plaintiff was confused about her rights due to the presence of the additional language contained in Defendants' disclosure form.

32. Plaintiff values her privacy rights. If Plaintiff was aware Defendants had presented her with an unlawful disclosure form, Plaintiff would not have authorized Defendants to procure a consumer report and dig deep into her personal, private and confidential information.

33. In violation of 15 U.S.C. §§ 1681b(b)(2)(A)(i), Defendants unlawfully inserted liability release provisions into forms purporting to grant Defendants authority to obtain and use consumer report information for employment purposes. On its face, the FCRA forbids this

practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes must be "stand-alone" forms that do not include any additional agreements. Defendants' decision to include a liability release provision in its authorization forms is contrary to both the plain language of the FCRA and the unambiguous regulatory guidance provided by the FTC.

34. For instance, Defendants "Consent to Criminal Background Check" states, in relevant part:

> I also authorize all persons, state, and federal agencies to provide the Company all information, including criminal records, that is requested **and releases the Company to the fullest extent authorized by law from any and all claims, damages, losses, liabilities and expense that I may have against the Company arising from the retrieving and reporting of any such information**. I also acknowledge that this Disclosure and Authorization in no way alters the "at will" status of employment with the Company.

(emphasis added).

35. Courts that have addressed liability waivers placed in disclosure forms have agreed with the FTC that including such a waiver violates the FCRA's stand-alone disclosure requirement. *Speer v. Whole Foods Market*, No. 8:14–cv–3035, 2015 WL 1456981 at *3 (M.D. Fla. Mar. 30 2015) (denying motion to dismiss FCRA claim, given that the disclosure form contained a release and other extraneous information); *Schoebel v. American Integrity Ins. Co. of Fla.*, No. 8:15–cv–380, 2015 WL 3407895 at *6 (M.D. Fla. May 27 2015) (holding that if a disclosure contains a release, it violates the FCRA).

36. Defendants' violation was willful. Defendants willfully violated this requirement by failing to comply with both the plain language of the FCRA, well-established case law, and the unambiguous regulatory guidance provided by the FTC.

37. In fact, Defendants was required to first certify that it would comply with the

requirements of the FCRA. To ensure knowing compliance with the FCRA, Congress requires that the employer must first certify to the consumer reporting agency that the employer shall comply with the disclosure, authorization, and if applicable, the adverse action requirements pursuant to 15 U.S.C. § 1681b(b)(1)(A). The consumer reporting agency may not procure a consumer report before this certification has been executed by the employer.

38. Upon information and belief, Defendants knowingly executed a certification providing that it would comply with the disclosure and authorization provisions provided by the FCRA.

39. Despite its certification, Defendants knowingly violated the FCRA by failing to comply with the Disclosure and Authorization requirements.

40. Defendants' conduct is also willful because:

   a. Defendants are a large and sophisticated employer with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

   b. Defendants knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute; and

   c. Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

41. Further, Defendants knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and Consumer Financial Protection Bureau. Defendants obtained or had available substantial written materials, which apprised it of its duties under the FCRA.

42. Defendants knowingly violated 15 U.S.C. § 1681b(b)(2)(A)(i-ii) by failing to provide Plaintiff and the Putative Class with a copy of a document consisting solely of a disclosure

stating that Defendants may obtain a consumer report on Plaintiff and the Putative Class for employment purposes, prior to obtaining a copy of their consumer reports.

**CLASS ACTION ALLEGATIONS**

43. Plaintiff assert claims pursuant to 15 U .S.C. § 1681b(b)(2)(A)(i)-(ii) in Count I and II of this Complaint on behalf of a ("Improper Disclosure and Authorization Class"), defined as:

> **All consumers in the United States subject of a consumer report obtained by Defendants for employment purposes but to whom Defendants did not provide a lawful disclosure pursuant to 15 U.S.C. § 1681b(b)(2)(A)(i) prior to procuring the report in the two years preceding the filing of this action through the date of final judgment.**

44. **Numerosity**: The Class is so numerous that joinder of all members is impracticable. Defendants regularly obtain and uses information in consumer reports to conduct background checks on prospective employees and current employees. Based on information and belief, the Class is comprised of at least thousands of members who are geographically dispersed throughout the country so as to render joinder of all Class Members impracticable. The names and addresses of the Class Members are identifiable through documents maintained by the Defendants and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

45. **Typicality**: Plaintiff's claims are typical of those of the members of the putative Class. Defendants typically use consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendants treated Plaintiff in a manner consistent with its treatment of other Putative Class members under its standard policies and practices.

46. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Putative

Class. Plaintiff's interests coincide with, and are not antagonistic to, other class members' interests. Plaintiff has retained counsel experienced in complex class action litigation.

47. **Commonality**: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class. These common questions include, but are not limited to:

    a. Whether Defendants uses consumer report information to conduct background checks on employees and prospective employees;

    b. Whether Defendants' background check practices and/or procedures comply with the FCRA;

    c. Whether Defendants violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

    d. Whether Defendants violated the FCRA by procuring consumer report information based on invalid authorizations;

    e. Whether Defendants' violations of the FCRA were willful;

    f. The proper measure of statutory damages; and

    g. The proper form of injunctive and declaratory relief.

48. This case is maintainable as a class action under Fla. R. Civ. P. 1.220(b)(1), because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants Further, adjudication of each individual class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

49. This case is also maintainable as a class action under Fla. R. Civ. P. 1.220(b)(2), because Defendants have acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect

to the class as a whole.

50. Class certification is also appropriate under Fla. R. Civ. P. 1.220(b)(3), because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendants as the amount of each class members' individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

51. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Fla. R. Civ. P. 1.220. The names and addresses of the Putative Class members are readily available from Defendants' records.

**COUNT I – VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A)(i)**
**Failure to Make Proper Disclosure in Violation of the FCRA**

52. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1 through 52 of this Complaint as though fully set forth herein.

53. In violation of the FCRA, the background check that Defendants required the Plaintiff and the Putative Class to complete as a condition of their employment with Defendants do not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i), because Defendants

failed to provide a stand-alone document pertaining to how the consumer report information would be obtained and utilized.

54. Defendants violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendants might procure a consumer report on each of them for purposes of employment.

55. The foregoing violations were willful. Defendants knew that it was required to provide a stand-alone form prior to obtaining and then utilizing a consumer report on any of the Background Check Class members. By failing to do so, Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendants knew or should have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendants obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer would know of, or could easily discover, the FCRA's mandates.

56. Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

57. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative class, prays for relief as follows:

    a.    Determining that this action may proceed as a class action;

    b.    Designating plaintiff as class representative and designating Plaintiff's Counsel as counsel for the putative class;

    c.    Issuing proper notice to the putative class at Defendants' expense;

    d.    Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

    e.    Awarding reasonable attorneys' fees and costs as provided by the FCRA.

### COUNT II – VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A)(ii)
### Failure to Obtain Proper Authorization in Violation of FCRA

58. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1 through 52 of this Complaint as though fully set forth herein.

59. Defendants violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

60. The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries*, 129 F.3d 1293, 1307 (D.C. Cir. 1997) ("[A]uthorization secured 'without disclosure of . . . material information' is a nullity.")

61. The foregoing violations were willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Improper Disclosure and Authorization class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendants knew or should

have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendants obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer would know of, or could easily discover, the FCRA's mandates.

62. Plaintiff and the Background Check Class are entitled to statutory damages for an amount consisting of not less than One Hundred Dollars ($100) and not more than One Thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

63. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

*WHEREFORE*, Plaintiff, on behalf of and the Putative Class, prays for relief as follows:

(a) Determining that this action may proceed as a class action under Rule 1.220(b)(1), and (2) and (3) of the Florida Rules of Civil Procedure;

(b) Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

(c) Issuing proper notice to the Putative Class at Defendants' expense;

(d) Declaring that Defendants committed multiple, separate violations of the FCRA;

(e) Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

(f) Awarding statutory damages as provided by the FCRA, including punitive damages;

(g) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

(h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury for all issues so triable.

Dated this 14th day of April, 2020.

    Respectfully submitted,

    */s/ Patrick K. Elliott*
    **PATRICK K. ELLIOTT**
    Florida. Bar Number: 1000970
    **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
    100 S. Ashley Drive, Suite 600
    Tampa, FL 33602
    Direct Dial: (813) 379-3090
    Facsimile: (813) 433-5126
    Email: elliottp@employmentandconsumerlaw.com
    Email: assistant@employmentandconsumerlaw.com
    ***Attorney for Plaintiff***